UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LARRY JONES AND
KELLY SOILEAU

CIVIL ACTION

VERSUS

NO. 08-686-JJB-SCR

ROBERT V. GILDERSLEEVE
GENERAL INSURANCE COMPANY
OF AMERICA, AND XYZ INSURANCE
COMPANY

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The matter before the Court is defendants', Robert V. Gildersleeve and General Insurance Company of America, motion for summary judgment. (Docs. 44, 50, & 51.)  Plaintiffs, Larry Jones and Kelly Soileau, filed oppositions.  (Docs. 48 & 52.)  Defendants filed a reply.  (Doc. 49.)  Oral argument is not necessary.

This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332.  After careful review of the aforementioned filings, the Court DENIES defendants' motion.

## Background

This case centers on a tragic accident involving an automobile and a pedestrian that occurred on the evening of November 10, 2007.  Sometime after dark, allegedly between 6pm and 7pm, Tyler Jones ("decedent") drove back from New Orleans, Louisiana, toward Baton Rouge, Louisiana, on Interstate 10 West. Two friends, Brittany Babin and Aaron Gallentine, accompanied decedent in the car.  The three occupants were returning to the Baton Rouge area after spending the day partying on Bourbon Street where they consumed alcohol and Xanax.

1

During the drive, Babin and Gallentine fell asleep.  Decedent became angry and woke them up when the car ran out of gas, forcing him to and stop on the roadside.  An altercation ensued that allegedly resulted in decedent physically assaulting both Babin and Gallentine on the grassy area near the road and on the road itself.  Babin and Gallentine then left decedent and began walking down the road away from the car toward Baton Rouge.  It is undisputed that when Babin and Gallentine left decedent no lights of any kind were activated on the car, no moon illuminated the sky, and decedent was wearing dark clothes.

At that time, defendant, Robert V. Gildersleeve, drove a separate car along that same stretch of highway.  Gildersleeve noticed decedent's car parked on the side of the road and sometime around then noticed that cars in front of him were slowing down and changing lanes.  Gildersleeve alleges he immediately began performing acts of situational awareness, such as monitoring his speed and checking car mirrors, to determine whether he could change lanes.  Plaintiffs allege that Gildersleeve took his attention off the road and failed to brake after he saw brake lights on other cars.  Despite, or perhaps because of, these actions Gildersleeve then struck decedent and killed him.  Gildersleeve alleges that he struck decedent in the roadway; plaintiffs argue that Gildersleeve veered off the roadway and struck decedent somewhere on the side of the road.  Plaintiffs, parents of decedent, filed a wrongful death damages and survival claim against Gildersleeve and his insurer, General Insurance Company of America, alleging negligence.

2

## Summary Judgment

Summary judgment is appropriate when the pleadings, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the Court considers any disputed or unsettled facts in the light most favorable to plaintiff, plaintiff may not merely rest on allegations set forth in its pleadings. Instead, plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy plaintiff's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once plaintiff has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the plaintiff, summary judgment will be granted. *See Celotex,* 477 U.S. at 322; *see also* Fed. Rule Civ. P. 56(c).

## Law and Analysis

To survive summary judgment on their negligence claim, plaintiffs must show a genuine issue of material fact on the elements of duty, breach, causation, and damages. Here, the parties do not dispute that Gildersleeve caused damage to decedent when Gildersleeve's car struck decedent. The matter in dispute is whether Gildersleeve acted negligently in doing so. Ordinarily, because the trier of fact determines the reasonableness of conduct in negligence

3

cases, personal injury claims are rarely disposed of on summary judgment. *Gauck v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965). Nevertheless, summary judgment is appropriate in negligence cases where the facts fail to show the possibility of primary negligence. *See Bland v. Norfolk & S. R. Co.*, 406 F.2d 863, 866 n.5 (4th Cir. 1969).

Louisiana law defines a motorist's duty to pedestrians by stating "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway." La. Rev. Stat. Ann. § 32:214. This statute requires motorists to be vigilant and see obstacles and impediments in the roadway that a reasonable person exercising ordinary care and prudence would see. *Shroyer v. Grush*, 555 So. 2d 534, 540 (La. App. 4 Cir. 12/14/89). Motorists must "maintain a sharp lookout ahead to discover the presence of those who might be in danger." *Bennett v. State of Louisiana*, 503 So. 2d 1022, 1024 (La. App. 2d Cir. 2/25/87) (writ denied).

Plaintiffs argue that Gildersleeve breached his motorist's duty of due care by taking his attention off the road and by failing to brake after seeing that cars in front of him were changing lanes to avoid something close to the roadway. Plaintiffs further assert that the fact that the preceding motorists were able to avoid hitting Tyler is evidence of Gildersleeve's negligence. Plaintiffs contend that the lack of evidence definitively establishing Tyler's position, either on or off the roadway, weighs in their favor because it casts doubt on Gildersleeve's testimony that Tyler lurched into the path of his car on the roadway. After careful

4

review of the record, the Court finds that taking all inferences in plaintiffs' favor there is sufficient evidence that Gildersleeve acted negligently to survive summary judgment.

Gildersleeve recalls that as soon as he noticed activity on the road ahead of him, including cars braking and trying to change lanes, he began "situational awareness" activities such as, "assessing if [he] could get over, if [he] should get over," and that "by the time [he] looked around and checked the road, checked behind [him], checked [his] side-view, checked back, looked down, looked up, [he] made contact with a pedestrian."[1]  Gildersleeve also recalls that he did not use his brakes in response to the situation.[2]  Plaintiff argues that these activities, specifically, looking down and not braking, constitute evidence of negligence.

Although Gildersleeve's glances around to check traffic conditions and the speed and location of his car in relation to those conditions could indicate reasonable reactions to a fast moving situation, it is also possible that a fact finder could reasonably find that these actions fell below the standard of care.

Therefore, because there is a genuine issue of fact regarding Gildersleeve's breach of his duty to be a careful driver, summary judgment in Gildersleeve's favor is not proper.

---

[1] Dep. of Robert V. Gildersleeve 12:17-13:5 (doc. 44-5).
[2] *Id.* at 55:2-3.

## **Conclusion**

Because plaintiffs show some evidence of Gildersleeve's negligence, defendants' motion for summary judgment (doc. 44) is DENIED.

Signed in Baton Rouge, Louisiana, on May 10, 2010.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**